UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
UNITED STATES OF AMERICA,

                     Plaintiff,                  **CORRECTED ORDER**
                                                                         12-CV-6311 (MKB)

                       v.

APPROXIMATELY FORTY-TWO THOUSAND
NINE HUNDRED DOLLARS AND ZERO
CENTS ($42,900.00) IN UNITED STATES
CURRENCY, SEIZED FROM EDWARD PAEZ
DIAZ AT JOHN F. KENNEDY
INTERNATIONAL AIRPORT ON OR ABOUT
AUGUST 21, 2012, AND ALL PROCEEDS
TRACEABLE THERETO,

                     Defendant *in rem*.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On December 21, 2012 the United States of America commenced the above-captioned civil action *in rem* against funds in the sum of $42,900.00 (the "Target Funds") seized from Edward Paez Diaz at John F. Kennedy International Airport. (Compl. ¶ 1, Docket Entry No. 1.) The government seeks forfeiture of the Target Funds pursuant to 31 U.S.C. § 5317(c)(2) as property involved in a violation of 31 U.S.C. § 5316, and pursuant to 31 U.S.C. § 5332(c) as property involved in a violation of 31 U.S.C. § 5332. (*Id.* ¶¶ 2–3.) On April 1, 2013, Diaz, the Claimant, answered the Complaint, (Answer, Docket Entry No. 7), and thereafter, filed a counterclaim *in rem*, contesting the forfeiture of the Target Funds, (Counterclaim, Docket Entry No. 8).

      In or about May of 2015, the government served on Claimant its First Set of Interrogatories and Requests for Production (the "Discovery Requests"). (Letter. Mot. dated

Mar. 8, 2016 ("Gov't Mot."), Docket Entry No. 14; Ex. A annexed to Gov't Mot.) On May 28, 2015, Claimant's counsel moved to withdraw, asserting that he was no longer in communication with Claimant. (Mot. to Withdraw, Docket Entry No. 9.) On July 15, 2015, the Court granted counsel's request. (Order dated July 15, 2015.) To date, no other counsel has appeared in this action. By letter dated January 20, 2016, the government sent an additional copy of the Discovery Requests to Claimant's last known address, requesting a response on or before March 7, 2016. (Gov't Mot. 1–2.) To date, Claimant has not responded to the Discovery Requests or otherwise communicated with the government. (*Id.* at 1–2.) The government now moves to compel Claimant to respond to the Discovery Requests. (*Id.*)

Despite the government's good faith effort to obtain the requested information, Claimant has failed to respond or otherwise communicate with the government or the Court. Accordingly, the Court grants the government's motion to compel. By order dated April 12, 2016, the Court inadvertently ordered Plaintiff rather than Claimant to respond to the Discovery Requests on or before June 1, 2016, and warned Plaintiff, instead of Claimant, that failure to respond to the Discovery Requests may result in his Answer and Counterclaim being stricken pursuant to Rule 37(b) and (d) of the Federal Rules of Civil Procedure. *See Paine, Webber, Jackson & Curtis, Inc. v. Inmobiliaria Melia de Puerto Rico, Inc.*, 543 F.2d 3, 4 (2d Cir. 1976) (finding district court did not abuse its discretion under Rule 37 in striking an answer and counterclaim in

light of party's failure to respond to discovery demands); *RLI Ins. Co. v. May Const. Co.*, No. 09-CV-7415, 2011 WL 1197937, at *3 (S.D.N.Y. Mar. 22, 2011) (striking defendant's answer and entering default after defendant's failure to comply with discovery orders). The Court hereby corrects the order and orders Claimant to respond to the Discovery Requests on or before November 1, 2016, and warns Claimant that failure to respond to the Discovery Requests may result in his Answer and Counterclaim being stricken pursuant to Rule 37(b) and (d) of the Federal Rules of Civil Procedure.

SO ORDERED:

     s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: September 15, 2016
      Brooklyn, New York